IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RODNEY WELLS CLARK, JR., #A0075000, | CIV. NO. 17-00490 JMS-RLP |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS APPLICATION; DISMISSING COMPLAINT; AND ORDER TO SHOW CAUSE |
| vs. | |
| HAWAII STATE COURT JUDGE TRADER, CRAIG NAGAMINE, | |
| Defendants, | |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION; DISMISSING COMPLAINT; AND ORDER TO SHOW CAUSE**

Before the court is Plaintiff Rodney Wells Clark, Jr.'s application to proceed in forma pauperis and civil rights complaint brought pursuant to 42 U.S.C. § 1983. ECF Nos. 1 & 2. Clark alleges that the Honorable Rom A. Trader, Judge of the First Circuit Court, State of Hawaii, and State of Hawaii Deputy Public Defender ("DPD") Craig Nagamine, Esq., violated his constitutional rights because he remained incarcerated at the Oahu Community Correctional Center ("OCCC") for approximately ten months in 2013 and 2014, while awaiting trial in a state criminal proceeding at which Judge Trader presided and Nagamine

represented Clark. *See* Compl., ECF No. 1, PageID #5-7 (Counts I-III).[1]  Clark states that while he was incarcerated he lost his apartment and property valued at $35,000.  He apparently seeks damages in that amount.

In his Complaint, Clark provides OCCC as his address and his Hawaii Department of Public Safety ("DPS") prisoner identification number.  The return address on Clark's envelope, however, indicates that Clark is at the Hawaii State Hospital, and the DPS website indicates that Clark is not incarcerated at OCCC, but is released from DPS jurisdiction.  *See* DPS, Hawaii SAVIN, available at: https://www.vinelink.com/#/home/site/50000 (last visited Oct. 6, 2017).  Clark has no open criminal cases or unserved terms of sentence.  *See* Hawaii State Judiciary, "eCourt Kokua," Judiciary Info. Mgmt. Sys.: http://www.courts.state.hi.us/ (last visited Oct. 6, 2017).

For the following reasons, Clark's request to proceed in forma pauperis is DENIED, the Complaint is DISMISSED with leave granted to amend as limited below, and Clark is ORDERED TO SHOW CAUSE why this action should not be dismissed as time-barred.

---

[1] Clark refers to *State v. Clark*, Cr. No. 1PC131001621 (First Cir. Ct. Hawai`i 2014), in which Clark was indicted for Robbery in the Second Degree on November 5, 2013, and found not guilty by jury trial on August 14, 2014.  *See* Hawaii State Judiciary, "eCourt Kokua," Judiciary Info. Mgmt. Sys.: http://www.courts.state.hi.us/ (last visited Oct. 6, 2017).

## I. IFP APPLICATION

Clark submitted an Application to Proceed in Forma Pauperis by a Prisoner. If Clark is a prisoner as his Complaint suggests, the application is DENIED as incomplete because it lacks a prison certification of the amounts in his prison trust account and a copy of the balances in that account for the previous six months. *See* 28 U.S.C. § 1915(a)(2).

If Clark is *not* a prisoner, as other public documents suggest, although he may be indigent, the application is nonetheless DENIED. It is incomplete because it is on a prisoner application form and does not provide a full discussion of Clark's assets and liabilities. Moreover, "'if it appears from the face of the proposed complaint that the action is frivolous or without merit,'" the court may deny in forma pauperis status at the outset. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 F. App'x 638 (9th Cir. 2014) (affirming denial of IFP request "because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (holding it is district court's duty to deny IFP application "if it appears that the proceeding is without merit").

## II. STATUTORY SCREENING

Because Clark seeks to proceed without prepayment of fees, regardless of whether he is a prisoner, the court must screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant- unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

5

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### A. Claims Against Nagamine Are Dismissed

Generally, a public defender is not acting under color of state law when acting as counsel to a criminal defendant. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). When acting as counsel for a criminal defendant, a public defender is as an *adversary* to state action. *Id.* at 322 n.13. That is, by definition a public defender is not acting on behalf of the state–under color of state law–when defending an individual in a criminal proceeding.

A public defender can be liable for certain administrative actions unrelated to the representation of a specific client. *Miranda v. Clark Cty. of Nev.*, 319 F.3d 465 (9th Cir. 2003). In *Miranda*, the administrative head of a public defender's

office was held to be acting under color of state law when he instituted a policy of polygraphing all criminal defendants and devoting less resources to defendants whose results suggested they were guilty of the charged crime. *Id*. at 469. *Miranda* held that this type of macro-level decision amounted to policymaking action. *Id.* at 469-70. There is no indication that Clark names Nagamine for anything beyond his representation of Clark in Cr. No. 1PC131001621 and alleged failure to secure Clark's release while he awaited trial, or that Nagamine implemented any policy that could be construed as action taken under color of state law that violated Clark's (or others') constitutional rights. Clark fails to state a claim against Nagamine, and these claims are DISMISSED.

**B.      Claims Against Judge Trader Are Dismissed**

Clark names Judge Trader, who presided over Clark's state criminal jury trial, for alleged decisions Judge Trader made in his judicial capacity that resulted in Clark's confinement at OCCC while he awaited his trial. These decisions were clearly made in Judge Trader's official, judicial capacity pursuant to Clark's criminal proceedings.[2]

---

[2]Bail was set at $20,000 in Cr. No. 1PC131001621, but apparently Clark was unable to post this amount. *See:* eCourt Kokua http://www.courts.state.hi.us/ 1PC131001621.

"It is well settled that judges are generally immune from civil liability under section 1983." *Meek v. Cty. of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)); *see also Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Thus, "a judicial officer, in exercising the authority vested in him, shall be free to act upon own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Judges are immune from liability for damages for acts committed within their judicial discretion. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley*, 80 U.S. at 347) ("It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'"). This absolute immunity applies for judicial acts even when a judge is accused of acting maliciously and corruptly. *Pierson*, 386 U.S. at 554.

It is apparent from the face of the complaint that Clark's claims against Judge Trader challenge "activities 'intimately associated with the judicial phase of the criminal process.'" *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Claims against Judge Trader are DISMISSED.

C.  **Federal Rule of Civil Procedure Rule 8**

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead sufficient, plausible "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausible claim provides more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A claim that is possible, but is not supported by enough facts to "nudge [it] across the line from conceivable to plausible. . . must be dismissed." *Twombly*, 550 U.S. at 570.

Clark's Complaint does not provide sufficient facts for the court to infer that Judge Trader, DPD Nagamine, or any other individual violated his constitutional rights. The Complaint is DISMISSED for Clark's failure to state sufficient facts from which the court can infer a plausible claim for relief.

D.  **Statute of Limitation**

It appears from the face of the Complaint that Clark's claims regarding his 10-month incarceration at OCCC pending his state criminal proceedings are barred by Hawaii's two-year personal injury statute of limitation. *See* Haw. Rev. Stats. § 657-7; *Pele Defense Fund v. Paty*, 73 Haw. 578, 595-96, 837 P.2d 1247, 1259 (1992); *see also Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th

Cir.1993) (holding that a district court may sua sponte raise the statute of limitation and dismiss the complaint if defendant has not waived the issue).

A § 1983 cause of action accrues "when the wrongful act or omission results in damages." *Wallace v. Kato*, 549 U.S. 384, 388, 391 (2007) (citation omitted); *see also Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). A state's equitable tolling laws apply when they are consistent with federal law. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). To establish equitable tolling in Hawaii, "a plaintiff must demonstrate '(1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way.'" *Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006) (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (same).

Liberally construing Clark's claims, this cause of action accrued *no later* than August 13, 2014, the date that he was found not guilty, released from OCCC, and realized he had lost his apartment and property while he awaited trial. *See Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979). The statute of limitation on Clark's claims therefore expired two years later, on or about August

14, 2016. The earliest date that the court can credit Clark with commencing this action is the date that he signed the Complaint, September 9, 2017, more than a year after the limitation period expired. If Clark elects to file an amended pleading, he is NOTIFIED that this action appears to be time-barred, and he is ORDERED TO SHOW CAUSE in writing why this action should not be dismissed as time-barred on its face.

## IV. **LEAVE TO AMEND**

Clark may file an amended complaint that cures the deficiencies noted above on or before November 6, 2017. An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). An amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating claims dismissed with prejudice need not be repled to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

If Clark elects to file an amended complaint, he must identify whether he is incarcerated at OCCC, or pending any other criminal action while being housed at

11

the Hawaii State Hospital. That is, Clark must demonstrate whether he is a prisoner, and thus, subject to the additional requirements that the Prison Litigation Act of 1996 imposes on prisoners filing civil suits in the federal court. Clark must also provide sufficient facts regarding his claim for relief from which the court can reasonably infer that he suffered a constitutional violation. Clark must also show good cause in writing why this action should not be dismissed as time-barred.

## V. CONCLUSION

(1) Clark's request to proceed in forma pauperis is DENIED. If Clark intends to file an amended pleading, he shall NOTIFY the court whether he is currently "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). If Clark is so defined, he must submit a complete, District of Hawaii Application to Proceed In Forma Pauperis By A Prisoner with his amended complaint. If Clark is not a prisoner as defined in § 1915(h), he must submit a complete Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240). In the alternative, Clark may pay the filing fee in full.

(2) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2). Clark may (1) file an amended complaint that cures the deficiencies noted above in his claims and SHOW CAUSE why this action should not be dismissed as time-barred, OR (2) voluntarily dismiss this action in writing on or before November 6, 2017. Failure to do either SHALL result in automatic dismissal of this action without further notice.

(3) The Clerk of Court is DIRECTED to mail Clark a blank (a) prisoner civil rights complaint form, (b) non-prisoner civil rights complaint form, (c) Application to Proceed In Forma Pauperis By A Prisoner, and (d) Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240), so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 11, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Clark v. Nagamine*, 1:17-cv-00490-JMS-RLP, ORDER DENYING IN FORMA PAUPERIS APPLICATION; DISMISSING COMPLAINT; AND ORDER TO SHOW CAUSE; psa scrng '17 Clark 17-490 jms (dsm act. jud. imm.; dpd; sol); J:\ChambersJMS\Seabright1\Lorraine Gin\Clark 17-490 jms (dny IFP dsm act. jud. imm., pub. def, sol.).wpd